U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP 2 3 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MILTON NIEVES | : | DOCKET NO. 2:08-cv-588 SEC. P |
| VS. | : | JUDGE TRIMBLE |
| J P YOUNG | : | MAGISTRATE JUDGE KAY |

## ORDER

Pro se plaintiff Milton Nieves filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 28, 2008. Doc. 1. Plaintiff challenges his place of confinement and security level. *Id.* On September 11, 2008, plaintiff filed a Motion for Expedited Hearing in which he seeks to have this court serve process on defendants. Doc. 2. Plaintiff asserts that he is entitled to a prompt and expedited hearing. *Id.*

In support, plaintiff states, "It has been 5 months [since filing the petition,] this alone goes against the RULES and PROCEDURES governing U.S.C. § 2241 section 2 and 3, as well as U.S.C. 2272 (b)." As an initial matter, although certain rules and procedures govern 28 U.S.C. §§ 2254 and 2255 habeas proceedings, no rules and procedures govern habeas proceedings brought pursuant to § 2241.[1] *See* Title 28 of the U.S. Code. Additionally, the court takes notice that within Title 28 of the U.S. Code, no § 2272 exists.

---

[1] Based on the limited facts presented to the court by plaintiff's petition [Doc. 1], his claim properly may be characterized as a request for relief under 28 U.S.C. § 2241 because he challenges the manner of execution of his sentence. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

1

Finally, while habeas actions should generally be considered by the court in an expedited fashion, 28 U.S.C. § 1657, the court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

In the instant case, the Pro Se Office has not concluded its initial review to determine whether plaintiff is entitled to any relief or to a response from defendant. The Pro Se Office reports that it is taking appropriate action in this regard. Thus, until the Pro Se Office and this court complete an initial review, the court will not order service of process or expedite a hearing of this matter.

Accordingly,

IT IS ORDERED that plaintiff's Motion for Expedited Hearing [Doc. 2] be and is hereby DENIED as untimely, reserving to plaintiff the right to re-urge this motion if the court has not responded within 90 days.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on September 23, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE