RECEIVED
IN LAKE CHARLES, LA

NOV - 5 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | |
|---|---|
| **MILTON NIEVES** | **CIVIL ACTION NO. 08-588** |
| **VS.** | **SECTION P** |
| **WARDEN J.P. YOUNG** | **JUDGE TRIMBLE** |
| | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed on April 28, 2008, by pro se petitioner Milton Nieves, Federal Prisoner Number 24038-018. Doc. 1. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). Doc. 1, at 1. He is incarcerated at the Federal Correctional Institute at Oakdale, Louisiana (FCI-O) and names FCI-O warden Joseph Young as his defendant. *Id.*

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Statement of the Case*

On July 19, 2000, petitioner was sentenced in the Middle District of Florida to 147 months incarceration following his conviction of conspiracy to possess cocaine with the intent to distribute and possession of firearm in furtherance of a drug trafficking crime. *Id.* at 8. Thereafter, he was incarcerated at FPC Pensacola, Florida. *Id.* at 4, 6. Herein, petitioner contests his custody re-classification as designated by the BOP as well as his transfer to FCI-Oakdale. *Id.* at 4-5. More specifically, he states that "a Management Variable for greater security resulting in my transfer from a Federal Prison Camp in Pensacola, Florida to Oakdale was not warranted." *Id.* at 4.

He also states that his security level should not have been increased due to his gun possession and sentence length. *Id.* at 5. In support, he states that his gun possession was already counted upon initial designation and that his sentence was now down to 39 months. *Id.*

Petitioner provided the court with a copy of a Discipline Hearing Officer Report from a July 12, 2007 proceeding, which charged petitioner with threatening another inmate with bodily harm. *Id.* at 6. The report summarizes petitioner's statement in response to the allegations. *Id.* He stated that he did not have a knife, that the other inmate came at him with a pipe, that he got a strap from the fence to defend himself, that he never threatened the other inmate, and that he was under pressure from other inmates to bring in contraband but he refused. *Id.* The discipline hearing officer found that no prohibited act was committed and that the report should be expunged. *Id.* at 7.

Also attached to the petition was a copy of security/designation data dated March 26, 2008. *Id.* at 8-9. The designation notes that petitioner "requires greater security due to the weapon in the instant offense and the sentence length." Doc. 1, at 8.

### *Law and Analysis*

At the onset, this court is called upon to determine whether to treat plaintiff's pleading as a petition for habeas corpus as plaintiff advances, or as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971).[1] In general, a civil rights suit "is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. . . . A habeas petition, on the other hand, is the proper vehicle

---

[1] *Bivens* authorizes civil rights suits filed against federal agents or employees for a violation of fourth amendment rights. *Broadway v. Beck*, 694 F.2d 979, 985 (5th Cir.1982). A line of cases following *Bivens* has established "that a federal cause of action exists under the Constitution itself for certain constitutional violations, including deprivation of due process rights under the fifth amendment." *Id.* (citing *Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979)).

to seek release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989)). The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such pro se pleadings: If "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release," the proper vehicle is a civil rights suit. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996).

Based upon a review of the pleadings herein, it is clear that petitioner has asserted a civil rights claim rather than a habeas claim. Specifically, his claims do not implicate the overall length of his confinement but only the conditions of his confinement. Thus, petitioner has failed to state a claim for which relief can be granted and this matter should be dismissed.[2]

Accordingly,

**IT IS RECOMMENDED THAT** this petition for writ of *habeas corpus* be **DENIED AND**

---

[2] Petitioner may attempt to file a civil rights complaint. The court notes, however, that it does not appear that he has any basis for relief. Specifically, it has long been settled that an inmate has no federal constitutional right to any particular security classification once incarcerated. *Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003), *cert. denied, Cain v. Wilkerson*, 540 U.S. 966, 124 S. Ct. 432, 157 L. Ed. 2d 310 (2003); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998). The classification of prisoners is a matter within the discretion of prison officials. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). Thus, absent an abuse of discretion, which has not been demonstrated by petitioner, a federal court may not interfere with administrative determinations regarding custodial classifications of inmates. *Whitley*, 158 F.3d at 889. The federal courts do not supervise the day to day administration of prisons. *Meachum v. Fano*, 427 U.S. 215, 228-29, 96 S. Ct. 2532, 2540, 49 L. Ed. 2d 451 (1976).

Likewise, it appears that petitioner is seeking a transfer back to the Federal Prison Camp in Florida. Under 18 U.S.C. § 3621(b), the BOP may confine a prisoner in any facility. Federal prisoners generally have no constitutional right to placement in a particular penal institution. *Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S. Ct. 1741, 1745, 75 L. Ed. 2d 813 (1983); *Beck v. Wilkes*, 589 F. 2d 901, 904 (5th Cir. 1979), *certiorari denied sub nom., Beck v. Hanberry*, 444 U.S. 845, 100 S. Ct. 90, 62 L. Ed. 2d 58 (1979). "Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State. Often, confinement in the inmate's home State will not be possible. In short, petitioner has no constitutional right to be incarcerated in any particular prison." *Olim*, 461 U.S. at 246, 103 S. Ct. at 1746, 75 L. Ed. 2d 813.

**DISMISSED WITH PREJUDICE** as the petitioner has failed to state a claim and is otherwise not entitled to relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers at Lake Charles, Louisiana, on the 5th day of November, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

4